UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE RAY MAHON, ) | CV F- 04- 6038 OWW DLB P |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., ) | |
| Defendants. ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff brings action against the California Department of Corrections ("CDC") and the following individuals employed by CDC at California State Prison Corcoran: Warden A.K. Scribner, W. Hense, E.S. Ortiz, R. Hall, J.M. Jones, J. Bryant and Associate Warden Sheppard-Brooks (CDC defendants"). Plaintiff also names two private vendors as defendants: Access Catalog Company and Walkenhorst's.

A.  California Department of Corrections as a Defendant

Plaintiff names the California Department of Corrections as a defendant. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

B.  Retaliation Claim

As to the CDC defendants, plaintiff alleges that on August 22, 2003, he was transferred to Corcoran pursuant to a non-adverse transfer. He alleges that at the time of his transfer, he had an anticipated annual review date of March 2004, when his classification score would be reduced thereby qualifying him to be transferred to a Level Two facility. Plaintiff alleges that on September 23, 2003, he filed an appeal requesting an override to a Level One facility. He alleges that at his hearing on December 16, 2003, he was told that after review of his entire central file, defendant

Hense and Ortiz did not have a problem overriding him to a Level One.  Plaintiff states that he left the hearing assured that he would receive the override to a Level One facility.

Plaintiff states that on February 7, 2004, he filed a Personnel Complaint against two (2) gym officers alleging racially motivated misconduct.  Plaintiff alleges that on February 11, 2004, he was called to the office and informed that he would not be transferring to a Level One nor a Level Two in March based on a miscalculated score.  Plaintiff further alleges that he was then transferred to B yard in retaliation for filing the complaint.  He alleges that he was placed in a bed that had been "red tagged" because it was in an area of the gym that leaked during the rainy season.  Plaintiff alleges that he was forced to sleep on this bunk for two weeks, constantly wiping the mattress to keep it from getting soaked.  Plaintiff alleges that defendants' failure to transfer him to a Level One facility as promised and his transfer to a less desirable gym and bunk were all in retaliation for filing the personnel complaint against staff members.

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action  (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).   The court must " 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (*quoting* Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293  (1995)).  The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff's allegations are sufficient to state a cognizable claim of retaliation against the CDC defendants.

///

C.      Private Vendors as Defendants

Plaintiff also names two private vendors as defendants. To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). However, "[a]ction taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983).

Plaintiff alleges that CDC has a policy which allows each warden to approve or disapprove of property which is purchased from CDC's approved vendors, defendants Walkenhorst's and Access Catalog Company. Plaintiff alleges that while certain property is approved in one prison, when an inmate is transferred to another prison, the same property may be deemed contraband. Plaintiff alleges that the private vendors are well aware of the policy and are acting in concert with CDC to deprive plaintiff and others of their property without notice. Plaintiff contends the vendors are obligated to inform prisoners upon the purchase of certain items, that the items may be deemed contraband in another prison and that their failure to do so has deprived him of over $400.00 in property.

Plaintiff has failed to allege sufficient connection between CDC and the vendors to make the vendors state actors. Plaintiff contends that vendors are approved by CDC but he does not allege that CDC has any control over the vendors or other connection sufficient to qualify the vendors as state actors. Without allegations establishing that the vendors acted under color of law, plaintiff fails to state a claim under section 1983 against these private parties. It appears that plaintiff is challenging CDC's policy to which the vendors are clearly not involved. If plaintiff wishes to challenge a particular policy at a particular prison, he must sue the warden directly. However, plaintiff is advised that authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

In summary, the Court finds that plaintiff has stated a cognizable claim for relief for retaliation against the CDC defendants but he has failed to state claims against CDC or the private vendors. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint, if he can allege additional facts in good faith or he may proceed against the CDC defendants only.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk is directed to send plaintiff a Civil Rights Complaint Form;
2. Within 30 days of this Order, plaintiff shall either:

1        a.    Advise the Court that he wishes to proceed against the CDC defendants on his retaliation claim only; or

        b.    File an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;

2.    Failure to advise the Court that he wishes to proceed against the CDC defendants only or file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated:   December 21, 2005                   **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE